IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE BASCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENERNOC INC., KIRK ARNOLD, JAMES BAUM, DAVID BREWSTER, ARTHUR COVIELLO, TJ GLAUTHIER, GARY HAROIAN, TIMOTHY G. HEALY,<br><br>Defendants. | C.A. No. 17-11305<br><br>Judge: Honorable Indira Talwani |

**STIPULATION AND [~~PROPOSED~~] ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE CAPTIONED ACTION WITH PREJUDICE AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

WHEREAS, on June 22, 2017 EnerNoc Inc. ("EnerNOC" or the "Company") announced that it had entered into an Agreement and Plan of Merger, dated as of June 21, 2017, by which Enel SpA's subsidiary, Enel Green Power North America ("Parent"), and Parent's wholly-owned subsidiary, Pine Merger Sub, Inc. ("Purchaser," and collectively with Enel SpA and Parent, "Enel"), would commence a tender offer to acquire all of the outstanding shares of EnerNOC common stock for $7.67 per share in cash (the "Proposed Transaction");

WHEREAS, on July 10, 2017, EnerNOC filed a Recommendation Statement on a Schedule 14D-9 (the "Recommendation Statement") with the SEC. Among other things, the Recommendation Statement (i) summarized the Merger Agreement, (ii) provided an account of events leading up to the execution of the Merger Agreement, (iii) stated that EnerNOC's board of directors determined that the Proposed Transaction was in the best interests of EnerNOC's

1

stockholders and recommended the Proposed Transaction, and (iv) summarized the valuation analyses and fairness opinion of Morgan Stanley & Co. LLC ("Morgan Stanley"), the financial advisor to EnerNOC;

WHEREAS, on July 14, 2017, plaintiff Eugene Basch ("Plaintiff") filed a putative class action lawsuit in the United States District Court for the District of Massachusetts, on behalf of himself and other public stockholders of EnerNOC, challenging the adequacy of the disclosures made in the Recommendation Statement, captioned: *Basch v. EnerNOC, et al.*, Case No. 1:17-cv-11305 (the "Basch Action");

WHEREAS, this lawsuit alleged, among other things, that Defendants EnerNOC, Kirk Arnold, James Baum, David Brewster, Arthur Coviello, TJ Glauthier, Gary Haroian, and Timothy G. Healy (collectively, the "Defendants") committed disclosure violations under Sections 14(d)(4), 14(e) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), and Rule 14d-9 promulgated thereunder;

WHEREAS, on July 25, 2017, EnerNOC filed an amendment to the Registration Statement containing various supplemental disclosures that Plaintiff and his counsel sought through this litigation (the "Supplemental Disclosures");

WHEREAS, Plaintiff agrees that as a result of the filing of the Supplemental Disclosures, the disclosure issues relating to the Proposed Transaction identified in the complaint have become moot;

WHEREAS, no class has been certified in this Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any

such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee; and

WHEREAS, on August 4, 2017, the tender offer for EnerNOC common stock expired, and on August 7, 2017, Enel successfully completed its acquisition of the Company;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties:

1. Plaintiff hereby voluntarily dismisses the Action, with prejudice to the Plaintiff and without prejudice to all other members of the putative class;

2. Because the dismissal is without prejudice as to the putative class, and no consideration or compensation has been given or promised to Plaintiff or his counsel, no notice of this dismissal is required;

3. Plaintiff asserts that Plaintiff caused Defendants to issue the Supplemental Disclosures in response to this Action and the efforts of Plaintiff's counsel to prosecute class claims, and Plaintiff therefore asserts that his counsel are entitled to a fee and expense award, and expects to file a petition for such fees and expenses if no agreement can be reached with Defendants as to an appropriate amount after the case has been dismissed;

4. Defendants reserve the right to oppose any petition for attorneys' fees and expenses to be filed by Plaintiff; and

5. This Court retains continuing jurisdiction over the parties in the Action solely for purposes of further proceedings related to the adjudication of Plaintiff's petition for an award of attorneys' fees and expenses. If the parties reach an agreement to compromise and resolve the petition for attorneys' fees and

expenses, they will notify the Court. Upon such notification, the Court will close the Action.

DATED: August 22, 2017					**MATORIN LAW OFFICE, LLC**

							By: /s/ Mitchell J. Matorin
							   Mitchell J. Matorin (BBO# 649304)
							   18 Grove Street, Suite 5
							   Wellesley, MA 02482
							   (781) 453-0100
							   mmatorin@matorinlaw.com
							   *Counsel for Plaintiff*

DATED: August 22, 2017					**COOLEY LLP**

							By: /s/ Luke Cadigan
							   Luke Cadigan (BBO# 561117)
							   500 Boylston Street
							   14th Floor
							   Boston, MA 02116-3736
							   lcadigan@cooley.com
							   *Counsel for Defendants*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: 8/24/2017					_____
							HON. INDIRA TALWANI
							United States District Court Judge

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 22, 2017 and copies will be sent to those indicated as non-registered participants, as follows: